UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CIPRIANO NUNEZ,

                                           Plaintiff,

           -against-

THE CITY OF NEW YORK and P.O.s JOHN and JANE
DOE #1-10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                            Defendants.

CV 12 - 1507

**COMPLAINT**

**JURY TRIAL DEMANDED**

ROSS, J.

MANN, M.J.

-----------------------------------------------------------X

Plaintiff CIPRIANO NUNEZ, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

**VENUE**

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff CIPRIANO NUNEZ is a Latino male, a legal permanent resident of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On July 1, 2009, at approximately 12:15 p.m., plaintiff CIPRIANO NUNEZ was lawfully present in the vicinity of Fulton Street and Atlantic Avenue, in the County of Kings, in the City and State of New York.

14. At aforesaid time and place, plaintiff CIPRIANO NUNEZ was suddenly accosted by members of the New York City Police Department.

15. Defendants handcuffed plaintiff CIPRIANO NUNEZ more tightly and violently than is authorized or required by proper NYPD procedure.

16. Defendants handcuffed plaintiff CIPRIANO NUNEZ with his arms in a dangerous position that is not authorized or required by proper NYPD procedure.

17. Plaintiff CIPRIANO NUNEZ repeatedly advised defendants that the handcuffs were incorrectly applied, were too tight, and were causing him severe pain.

18. Defendants refused to remove or adjust the handcuffs.

19. As a result of being handcuffed improperly, too tightly, and violently, plaintiff CIPRIANO NUNEZ sustained a fractured wrist.

20. Plaintiff CIPRIANO NUNEZ was taken to Woodhull Hospital, where he was treated for the injuries inflicted by defendants, including casting of his wrist.

21. In order to transport plaintiff CIPRIANO NUNEZ to the hospital, defendants cuffed his ankles together too tightly.

22. Plaintiff CIPRIANO NUNEZ repeatedly advised defendants that he was recovering from a fractured ankle, that the cuffs were too tight, and that they were causing him severe pain.

23. Defendants refused to remove or adjust the cuffs.

24. As a result of his ankles being cuffed too tightly, plaintiff CIPRIANO NUNEZ experienced excruciating pain during the transport and swelling to his ankle that lasted for several weeks.

25. As a result of the foregoing, plaintiff CIPRIANO NUNEZ sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff CIPRIANO NUNEZ of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff CIPRIANO NUNEZ' constitutional rights.

34. As a result of the aforementioned conduct of defendants, plaintiff LUIS RODRIGUEZ was subjected to excessive force and sustained severe physical injuries.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Each and every individual defendant had an affirmative duty to intervene on plaintiff CIPRIANO NUNEZ' behalf to prevent the violation of his constitutional rights.

37. The individual defendants failed to intervene on plaintiff CIPRIANO NUNEZ' behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

38. As a result of the aforementioned conduct of the individual defendants, plaintiff

CIPRIANO NUNEZ' constitutional rights were violated and he was subjected to excessive force and sustained severe physical injuries.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to using excessive force on minority males while taking them into custody.

42. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Gaybourne Busano v. City of New York,** United States District Court, Eastern District of New York, 03 CV 1486;

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Clifford Parker-Davidson v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3242;

- **Anwaar Muhammad City of New York,** United States District Court, Eastern District of New York, 04 CV 1044;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Marlon Baynes v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11185;

- **Danny Rodriguez and Jose Rodriguez v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 0357;

- **Pierre Francis v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 11468;

- **Lakus Brown v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11186;

- **Daniel Castro v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11602;

- **Yves Etienne v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 3361;

- **Daniel Claudio v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 0022;

- **Tori Staton v. City of New York,** United States District Court, Southern District of New York, 08 Civ. 4423;

- **Leon Brown v. City of New York,** United States District Court, Eastern District of New York, 09 CV 4853; and

- **Douglas Hines v. City of New York,** United States District Court, Southern District of New York, 09 Civ. 10457.

43. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CIPRIANO NUNEZ.

44. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CIPRIANO NUNEZ as alleged herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff CIPRIANO NUNEZ as alleged herein.

46. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff CIPRIANO NUNEZ was unlawfully subjected to excessive force.

47. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CIPRIANO NUNEZ' constitutional rights.

48. All of the foregoing acts by defendants deprived plaintiff CIPRIANO NUNEZ of federally protected rights, including, but not limited to, the right:

    A. Not to have excessive force imposed upon him;

    B. Not to have cruel and unusual punishment imposed upon him; and

    C. To receive equal protection under the law.

49. As a result of the foregoing, plaintiff CIPRIANO NUNEZ is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00).

**WHEREFORE**, plaintiff CIPRIANO NUNEZ demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
            March 26, 2012

                                                _____
                                                ROSE M. WEBER (RW 0515)
                                                225 Broadway, Suite 1607
                                                New York, NY 10007
                                                (212) 748-3355